# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN  DIVISION

CLAUDIA VECCHIO,             )
                             )
             Plaintiff,       )
v.                           )      No.05-3194-CV-S-FJG
                             )
THOMAS W. SCHAEFER,     )
                             )
             Defendant.    )

## ORDER

Presently before the court is Plaintiff's Motion to Reconsider Order Striking Testimony or in the Alternative to Continue Trial Date (Doc. No. 78).

First, plaintiff asks the court to review her Response in Opposition (Doc. No. 77) to defendant's Amended Motion to Strike (Doc. No. 75).  The court has done so.  In her response, plaintiff correctly asserts that there was no contemporaneous objection to the testimony at issue (Berner Tr. at 77:10-19).  Objections to admissibility of deposition testimony, however, "may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then testifying." Fed. R. Civ. P. 32(b).  Certain objections to admissibility are waived unless seasonably made at the taking of the deposition. Fed. R. Civ. P. 32(d)(3).  In this case, the objection to the testimony is not waived and does not go to the form of the question, as plaintiff contends; rather, it is impermissible expert testimony and is governed by the Federal Rules of Civil Procedure and Evidence, the court's Scheduling Order (Doc. No. 26), and the court's June 22, 2007, Order (Doc. No. 57).

As previously noted: "To the extent that a treating physician may testify as an expert, compliance with 7(a)-(d) is required."  Section 7(a)-(d) mandates the disclosure and affidavit of any witness, including doctors, that will give testimony under Federal Rules of Evidence 702, 703, or

705. Plaintiff failed to disclose any expert witness, and the testimony at issue is not admissible.

Plaintiff also asserts that the testimony at issue (Berner Tr. at 77:10-19) is consistent with the court's Scheduling Order. For the reasons stated in the court's June 22, 2007, Order, the testimony is not admissible. Additionally, plaintiff contends that defendant has violated the Scheduling Order in objecting to the testimony at issue. This testimony, however is repetitious of and refers to the passages previously stricken for reasons stated in the court's June 22, 2007, Order, and is, therefore, not admissible.

Plaintiff alternatively moves the court to continue the trial and allow plaintiff to re-depose Dr. Berner. Further deposition of Dr. Berner, who has not been designated as an expert, will not rectify the impermissible opinion testimony. The present case was filed in May 2005, nearly two-and-a-half years ago. The period for disclosing expert witnesses closed in December 2006, allowing plaintiff nearly a year-and-a-half to solicit expert testimony. In this case, a continuance of trial is not warranted.

Therefore, Plaintiff's Motion to Reconsider (Doc. No. 78) is GRANTED in PART, in that the court fully has considered plaintiff's Response in Opposition (Doc. No. 77). Further, Plaintiff's Motion to Reconsider (Doc. No. 78) is DENIED in PART in that Dr. Berner's deposition testimony at 77:10-19 is not admissible for the reasons stated in the court's June 22, 2007, Order, and a trial continuance is not warranted. Being fully apprised by the parties' briefing, a teleconference is not necessary in this matter.

Date: _9/27/07_          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
                               Chief United States District Judge

-2-